GASPAR FONT MAURI, Plaintiff and Appellant, *v.* IGNACIO ROSALES CUELI, Defendant and Appellee.

No. 4926. Argued December 17, 1930.—Decided July 9, 1931.

*Luis Llorens Torres* and *Rincón & Arroyo* for appellant. *F. Soto Gras* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

A demurrer to a complaint was sustained and the plaintiff Gaspar Font Mauri stood on his complaint and subsequently appealed. The particular ground of demurrer was the sufficiency of the facts to set up a cause of action.

In another action styled a personal one to recover mortgage credits, Rosales Cueli, the present appellee, set up the existence of several mortgages, their maturity, and asked judgment for the amounts owing secured by the mortgages. The then defendant, Gaspar Font Mauri, did not answer the complaint. Rosales Cueli on the 21st of September, 1923, asked the Secretary of the District Court of San Juan to enter a judgment in his favor. Accordingly, on the 26th of September, 1923, a default judgment was entered for all the amounts claimed in the complaint.

The marshal proceeded to execute the judgment. The property originally mortgaged was sold by the marshal, and Rosales Cueli bought it at the auction sale. Subsequently an unlawful detainer suit was brought and Font was ousted from the premises. Various nullities and irregularities were alleged. .

The present complaint was filed on August 22nd, 1928, and is styled a revendicatory action with damages.

The matter that has given us the most concern is the statement in the present complaint that the sale took place without a previous attachment. The appellee attempts to answer this by saying that where mortgages are involved no previous attachment is necessary, or words to that effect. The theory is that the action brought by Rosales Cueli in 1923 partook of the nature of a mortgage action. Whatever the plaintiff in the former suit now conceives his action to be, it was only a suit to recover money. The reference to existing mortgages was a mere description of the origin of the debts due Rosales Cueli. If it had been a mortgage action, the secretary of the District Court of San Juan had no right to do more than enter a note of default. The action of the judge would have been necessary.

Section 194 of the Code of Civil Procedure provides:

"Judgment may be had, if the defendant fail to answer the complaint, as follows:

"1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in section 96.

"2. In other actions, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary must enter the default of the defendant; and thereafter the plaintiff may apply at the first or any subsequent term of the court for the relief

demanded in the complaint. If the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof; or may, in its discretion, order a reference for that purpose; or if, to determine the amount of damages, the examination of a long account be involved, by a reference as above provided."

Under the theory that a mortgage was involved, part of the relief was the sale of the mortgaged premises. If the judgment had ordered such a mortgage sale, then no previous or preliminary step on the part of the marshal was necessary and the theory of the appellee would be right. Whatever complexion might have been given to Cueli's complaint when originally filed, he chose to treat it as a mere suit to recover money. Otherwise, the secretary had no power to enter a judgment. Force should be lent to give validity to the acts of officials acting as allowed by law, and hence the action filed by Cueli was or became only one in recovery of money. Similar reasoning in part may be found in *Rosales* v. *District Court,* 33 P.R.R. 305.

Was a previous attachment necessary? Where a judgment for a money demand is placed in the hands of a marshal he must proceed in conformity with section 250 of the Code of Civil Procedure. This in English provides as follows:

"The marshal must execute the writ against the property of the judgment debtor, by levying on a sufficient amount of property, if there be sufficient, collecting or selling the things in action, and selling the other property, and paying to the plaintiff or his attorney so much of the proceeds as will satisfy the judgment."

The word "levy" has been translated into Spanish as "*embargo*" for which the nearest English equivalent is "attachment." A "levy," however, is not an attachment or an *embargo.* It is more properly, in the case of real property, an act or symbolic seizure by the marshal of particular, designated property which becomes salable under the judgment

of the court. It is seizure actual or constructive; an act by which an intention to sell is manifested. 36 C. J. 1032 (notes 47 & 52). The word *"incautación"* is the nearest Spanish equivalent.

While we think the appellee is mistaken in his theory, yet the complaint in this case does not exclude the possibility that the marshal may have "levied" on the property. The argument of the appellee militates against the possibility of the levy but we have to do with the actual averments of the complaint. No attachment was necessary. A levy sufficed, and we can not affirm that the marshal did not take some step that was a "levy" or the equivalent thereof. The levy of real estate is such a symbolical thing that it may be said to have become merged in the proceedings leading up to the actual sale, or it may have been waived or renounced in some other way.

The complaint of Font alleged that costs were included in the former default judgment which were not assessed by the court. Costs were set up in the complaint at $400 and it was not a liquidated amount. Yet we agree with the appellee that all that Font could now obtain was a recovery of what was not due. The whole judgment of $7,500 should not now be annulled because the amount claimed was excessive. The judgment was only annullable in part and the defendant Font put in no defense.

We do not see that the claim of Font to a set-off, counterclaim, or what not in the sum of $1,282.08 in the present revendicatory action merits discussion.

We find that the edicts issued by the marshal sufficiently covered the necessary period of twenty days as held by us in *Thyboe v. San Juan Fruit Co.*, 36 P.R.R. 804.

Most of the other objections are sufficiently answered in the brief of the appellee. We have considered them and do not think they need to be further discussed.

One other objection we shall consider, namely, fraud and the damages. The damages would only flow if the other

proceeding were first declared null. There was not fraud on the face of the proceedings, and unless the plaintiff may recover his title or obtain the equivalent, he may not treat affirmative or independent matters of fraud in a revendicatory action. To vacate a judgment for fraud is a different cause of action.

The court below held that there was no improper joinder of causes of action, evidently because the damages as averred could only be considered as a consequence of the main action.

The judgment should be affirmed.